**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**UNITED STATES**

**V.**                                                                                                   **CASE NO. 2:07CR184**

**ADAM MCHANN**                                                                                                    **DEFENDANT**

### ORDER

This cause comes before the court on the first motion in limine [69] of the government in support of the use of prior bad act evidence under Federal Rule of Evidence 404(b).

The defendant, Adam McHann, is charged with depriving Dedrick Johnson of his civil rights under 18 U.S.C. § 242. The government alleges that while acting as a police officer, McHann willfully ordered his dog to bite and maul Johnson, an unarmed suspect who had surrendered to police.

The government seeks to admit two prior bad acts to prove their case. First the government seeks to elicit testimony from another Olive Branch police officer that he witnessed McHann strike a handcuffed suspect on the head with the butt of a shotgun. Secondly, the government wishes to introduce evidence that on another occasion McHann kicked a handcuffed suspect in the head. The government is not aware of the exact dates of either act, but alleges they occurred in the Fall or Winter of 2003. This time frame would put both acts within six months of the alleged incident involving Dedrick Johnson.

The expected testimony relating to the first incident is that McHann was one of several officers who responded to a shots fired call. When McHann arrived on the scene the suspect was handcuffed and obeying orders. The expected testimony is that McHann hit the suspect on the

head with the butt of his shotgun. An argument then broke out between McHann and the other officers on the scene with some of those officers grabbing McHann. Finally, McHann threw his shotgun to the ground, making it accidentally discharge in close proximity to the other officers and the suspect.

McHann disputes these facts and questions the credibility of the witness. However, these are issues best handled on cross examination. For the purpose of this motion, the court will assume this is the testimony that would be given at trial. However, the court's ruling will only be applicable this set of facts. The court expects both parties' attorneys will have prepared their case in such a way as to be aware of the expected testimony of their witnesses. Any deviation from the facts as set out will require the court to reexamine its ruling.

Federal Rule of Evidence 404(b) prohibits the use of character evidence to show a defendant acted in conformity with his past behavior. However, the Rule allows the admission of "other crimes, wrongs, or acts" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In *United States v. Beechum*, the Fifth Circuit laid out the test to determine if evidence is admissible under this standard. 582 F.2d 898, 911 (5th Cir. 1978). Under *Beechum* a court must determine: (1) if the evidence is "relevant to an issue other than the defendant's character;" and, (2) that the probative value of the evidence is not substantially outweighed by is undue prejudicial effect. *Id*.

The government contends the evidence here is relevant to McHann's motive, intent, and absence of mistake in his actions. The court sees no logical argument that this evidence is relevant to McHann's motive. However, the relevance as related to intent and absence of mistake is clear for at least a portion of the expected testimony. A police officer hitting a

2

handcuffed suspect with a rifle butt is analogous to an officer ordering a dog to attack a suspect. This prior bad act makes more likely the element that McHann acted willfully in ordering the dog to attack. The same is true as it relates to absence of mistake. This prior act makes it less likely McHann's action was a mistake as it tends to show willfulness. However, the court does not see the relevance of the argument with the other officers or the accidental discharge of the shotgun. These two elements of the prior act have no relation to the willfulness of the present act. Based on this finding, the court will exclude any mention of an argument with police personnel or the discharge of the shotgun as irrelevant to any issue other than McHann's character.

Having found the striking of a handcuffed suspect relevant to an issue other than character, the court must now decide if its probative value is substantially outweighed by undue prejudice. There is obviously some unfair prejudice associated with this act's admission. It is possible a jury would believe McHann acted in such a manner during the shotgun incident that he deserves to be found guilty in the instant case even without sufficient proof of each element of the charged crime. However, the two offenses, one charged and one uncharged, are so alike in nature, it seems doubtful a jury would wrongly convict based on one allegation and not the other. It seems unlikely the prejudice of the alleged act alone would have any effect on the jury in light of the current charges.

Further, a jury might might believe that McHann having once acted against a suspect likely did so again. This is the inherent danger of evidence admitted under Rule 404(b). However, the Fifth Circuit has held this type of prejudice can be cured with a proper limiting instruction. *United States v. Thomas*, 348 F.3d 78, 86 (5th Cir. 2003). McHann is entitled to such an instruction and this court will charge the jury accordingly.

3

Thus admission of the evidence will result in only a small amount of unfair prejudice to McHann. This is outweighed by the probative value of evidence that speaks directly to an essential element of the charged crime. The court will allow the government to elicit testimony related solely to McHann striking another handcuffed suspect.

The second incident is somewhat more vague. The government expects its witness to testify that McHann responded to a scene where a suspect lying face down had been apprehended and handcuffed. The witness then claims McHann kicked the suspect in the head.

McHann disputes this event ever occurred. He also claims to be unaware of any incident from which this testimony might stem. Rule 404(b) requires prosecutors to give notice to defendants of any evidence they wish to introduce under this rule. The purpose of that notice is so the defendant may have an opportunity to rebut the facts or question the credibility of the witness. Here the court sees no way in which the defendant can use the facts presented to investigate the second alleged bad act. As such the court reserves ruling on this second act and orders the government to present more specific facts to the defendant if they wish to present this evidence. Only at that time can the court justly rule on the admissibility of this testimony.

The court will allow evidence of McHann striking a suspect with his rifle butt. Evidence of McHann's argument with other officers and the discharge of his weapon is excluded. The court reserves its ruling on the second alleged incident until the parties have more fully developed the facts surrounding that incident. As such the court will allow another motion in limine to be filed on the matter of the second incident. That motion is to be filed no later than November 26, 2008.

The government's motion in support of the use of Rule 404(b) evidence is GRANTED IN

4

PART and DENIED IN PART.  Further the court RESERVES RULING IN PART.

    This the 21st day of November, 2008.

                                      **/s/ MICHAEL P. MILLS**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**